O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 My reason for subscribing to the decree quashing the bill of information in this case is that the statute under which the defendants are being prosecuted is not applicable to the facts of 'the case, as set forth in the bill of information. The accusation is that the defendants, aiding and abetting each other, one of whom was a member of the Board of Supervisors of Louisiana State University, and both of whom were officers and stockholders of the Standard Office Supply Company, were directly and indirectly and pecuniarily interested in the profits to be expected and derived from the performance of a certain contract of sale made by the Standard Office Supply Company of certain equipment for Louisiana State University, Northeast Center. It is admitted, as I understand, that the so-called “equipment” which the Standard Office Supply Company is said to have sold to Louisiana State University consisted of office furniture and equipment, such as desks, chairs, and the like. The statute which the defendants are accused of violating, and which is the only basis for this prosecution, is Act No. 128 of 1906, p. 214. And it is conceded that the only provision in the statute that the defendants are accused of violating is that part of Section 2 which declares: “That any member of any public board * * * who shall be either directly or indirectly pecuniarily interested in the profits- to- be
 
 *574
 
 expected or derived from the performance of any such contract, * * * so awarded, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined” et cetera. The phrase “any such contract * * * so awarded” is defined in the beginning of that section of the statute, forbidding any member of any public board to “vote to award any contract for the performance of work or the furnishing of labor or materials * * * to any partnership of which he is a member, or in which he is interested, or to any corporation of which he is an officer.” The same expression is used in the first section, which has reference to other public officers of the State or of any municipality. When the law refers to a public board as awárding a “contract for the performance of work or the furnishing of labor or materials”, it has reference to the construction of some public work, or public building; and the word “materials”, when used in connection with the furnishing of labor or materials in the performance of some public work, has a well-defined meaning. A contract for the furnishing of labor or materials, in that sense, does not mean or include a sale of such articles as office furniture and equipment.
 

 Whether there ought to be a statute to fit a case like this, as well as such a case as is provided for in Act No. 128 of 1906, is a matter which the courts have no concern with. The law books are full of authority for the proposition that, in order to constitute a criminal offense, the conduct complained of must come within both the spirit and the letter of the law.